Brady, J.
The motion to vacate was upon the ground that the papers upon which the attachment was granted were insufficient, and also upon the further ground that no summons had been issued In support of the latter, affidavits were used as appears by the papers upon which the motion was made. It is insisted by the appellant that nothing contained in the affidavits controverted the merits of the plaintiff’s application, and for this reason it is urged that no further affidavits should have been received on behalf of the plaintiff on the defendant’s motion affecting the merits. But it is not necessary to consider this question,for the reason that the affidavit on which the attachment was granted seems to contain all that is necessary to justify the action of the judicial mind in entertaining and disposing of the application for that process. The affidavit was. made by one Theodore Heilman, who was the president of the Franco American Trading Company, of which the plaintiff was appointed receiver. He alleged that he had been connected with the company for three years as its president, and was familiar with its books, papers and documents, and that his knowledge of the facts stated by lfim ivas based upon such books, papers and documents, and the information he acquired as such president. He then proceeds to state the cause of action, wMch was for labor and services and materials furnished in the erection of certain houses for an agreed price stated, of which there remained due and owing the sums stated amounting in the aggregate to $98,691.21 in lawful gold coin of the United *614 States of America; and that immediately upon the completion of the work the defendants became indebted to his company in the amount stated, and, being so indebted, undertook, promised and contracted to pay the same, but failed to do so; and that a cause of action, therefore, existed in favor of his company by its receiver. Then follows an absolute and unqualified statement, not necessarily upon information and belief, that upon an accounting had between the parties, the defendant was found indebted to that company in the sum just stated, with interest, and that the receiver was entitled to recover that sum from the defendant over and above all counterclaims known to the plaintiff. It will have been observed that Heilman’s knowledge of the facts is based upon books, papers and documents, and information he has acquired as such president.
An account stated is a paper, and indeed it. may rise to the dignity of a document as expressive of the result of the interviews between the respective companies, or their representatives, as to a transaction, its result and the amount due springing from its obligations upon both parties. It cannot, with any propriety, be said that this allegation rests merely upon information given to the president. As such officer, he must be presumed to be familiar with its pecuniary obligations, and its pecuniary advantages, debit and credit, whatever they may be.
It is not necessary now, in order to secure the benefit of the provisional remedy of attachment, to do more than to establish aprima facie case, and this is accomplished when upon all the allegations considered the court can perceive on sufficient proof that a demand exists which is due over and above all counterclaims.
It is supposed that there is an omission to comply with . the requirements of section 1775 of the Code. This view cannot be sustained for the reason that the affidavit alleges that the company of which the plaintiff was appointed receiver is a domestic corporation. The complaint, it is true, must comply with the requirements of section 1775. There is no obligation imposed on the party presenting the application for an attachment, however, to do so on that proceeding.
The claim is large and the attachment seems to cover a large amount of property, but the sum in which the receiver was required to give security is small, viz.: $250. No satisfactory reasons are assigned why the amount should not be increased, and that it should be seems to be unquestionable.
The order is therefore modified by requiring the plaintiff to give an undertaking in $2,500 within twenty days after *615 the service of a copy of the order to be entered hereon, and as so modified affirmed without costs to either party.
Daniels, J., concurs.